**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUAN GONZALEZ,** | : | **No. 3:18cv2254** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JOHN DOE #1 and JOHN DOE #2,** | : | |
| **Individually and in their official** | : | |
| **capacities as state police officers** | : | |
| **for the Pennsylvania State Police;** | : | |
| **RICHARD ROE #1 and RICHARD ROE** | : | |
| **#2, Individually and in their official** | : | |
| **capacities as agents for the United** | : | |
| **States Department of Homeland** | : | |
| **Security, U.S. Immigration and** | : | |
| **Customs Enforcement;** | : | |
| **PENNSYLVANIA STATE POLICE** | : | |
| **and UNITED STATES DEPARTMENT** | : | |
| **OF HOMELAND SECURITY, UNITED** | : | |
| **STATES IMMIGRATION AND** | : | |
| **CUSTOMS ENFORCEMENT,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is a motion to dismiss plaintiff's complaint filed by the Pennsylvania State Police (hereinafter "PSP"). The parties have briefed the pending motion, and it is ripe for disposition.

## Background

This case arises from events that occurred on July 13, 2018, while the plaintiff was at his residence located at 317 Anchor Street, West Hazelton,

Luzerne County Pennsylvania.  (Doc. 1, Compl. ¶ 11).  Pennsylvania State Policemen John Doe #1 and John Doe #2 as well as Immigration and Customs Enforcement (hereinafter "ICE") agents Richard Roe #1 and Richard Roe #2 arrived at the plaintiff's home. They told the plaintiff that he was under arrest and going to be deported because of his status as an illegal alien.  (Id.) The plaintiff informed the officers and agents that he was a legal citizen and offered to show them a copy of his passport on his cellphone.  (Id. ¶ 12–13).  The defendants refused to allow the plaintiff to prove his identity.  (Id. ¶ 13).  Despite the fact that the plaintiff was unarmed and made no furtive movements, one of the Pennsylvania State Policemen then slammed the plaintiff's right shoulder, arm, and wrist into a vehicle causing severe injuries.  (Id. ¶ 16–17).

The defendants next took the plaintiff in a police vehicle to be processed where he was handcuffed to a bench for an extended period of time.  (Id. ¶ 18).  When they confirmed that the plaintiff was a United States citizen, the defendants used a K-9 unit to search the plaintiff's vehicle for illegal narcotics, but they found none.  (Id. ¶ 20).  The plaintiff was then released, and one of the Pennsylvania State Policemen told him: "We really thought we had the right person."  (Id. ¶ 21).

Based on the foregoing facts, the plaintiff filed a four-count complaint on November 25, 2018, alleging assault and battery, a violation of the plaintiff's rights to procedural and substantive due process of law, a violation of the

security and privacy of the plaintiff's home, and inadequate supervision and training by PSP and ICE. (Doc. 1). On February 22, 2019, Defendant PSP filed the instant motion to dismiss the complaint against it. (Doc. 6).

**Jurisdiction**

Because this case alleges a violation of the plaintiff's Fourth and Fourteenth Amendment rights, the court has original jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a). ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action which such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Legal Standard**

PSP filed its motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, " 'under any reasonable

reading of the pleadings, the plaintiff may be entitled to relief.' " Colburn v. Upper Darby Twp., 838 F.2d 663, 665–66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. Of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. Of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234–35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. Of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that the plaintiff provide "a short and plain statement of the claim establishing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that

rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).

**Discussion**

Defendant PSP moves to dismiss the plaintiff's complaint against it on the basis of sovereign immunity. In the complaint, the plaintiff asserts claims against PSP, as well as John Doe #1 and John Doe #2 in both their individual and official capacities. PSP argues that the Eleventh Amendment bars the suits against PSP and against both John Doe #1 and John Doe #2 in their official capacities. For the following reasons, we agree with PSP that sovereign immunity applies to PSP as well as John Doe #1 and John Doe #2 in their official capacities.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. CONST. amend. XI. Eleventh Amendment protections also extend to state agencies and officials of those agencies in their official capacities. See Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009); Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990). Thus, because PSP is a state agency, PSP and its employees, to the extent that they are sued in their official capacity, enjoy Eleventh Amendment

protections.  See Atkin v. Johnson, 432 F. App'x 47, 48 (3d Cir. 2011) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)).

This immunity, however, is not absolute.  Three exceptions to sovereign immunity exist: (1) abrogation by an act of congress; (2) waiver by state consent to suit; (3) suits against individual state officials for prospective relief to remedy an ongoing violation.  M.A. ex rel. E.S. v. State–Operated Sch. Dist., 344 F.3d 335, 344–45 (3d Cir. 2003) (citing MCI Telecomm Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001)).  The plaintiff, however, does not argue that one of these exceptions applies in the instant case.  Rather, it appears as though the plaintiff asks us to evaluate the issue of qualified immunity as it relates to John Doe #1 and John Doe #2 in their individual capacities. Because the issue of qualified immunity has not been raised, nor have John Doe #1 or John Doe #2 moved for dismissal in their individual capacities, we will not address that issue.  Instead, we evaluate the three exceptions to the rule of sovereign immunity as it applies to PSP and its employees.

First, Congress has not abrogated states' sovereign immunity by enacting 42 U.S.C. § 1983.  Will, 491 U.S. at 66.  In fact, in passing § 1983, Congress "had no intention to disturb the States' Eleventh Amendment immunity."  Id.  As such, neither states nor their employees acting in their official capacities are

recognized as "persons" under 42 U.S.C. § 1983 and they are therefore unable to be held liable under that provision. Id. at 71.

Second, Pennsylvania has not waived its consent to suit under § 1983. In order for a state to waive its sovereign immunity, the waiver must be "stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.' " Edelman v. Jordan, 415 U.S. 651, 673 (1974) (quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171 (1909)). Here, there is no statutory waiver. In fact, as PSP points out, Pennsylvania has expressly withheld its consent. 42 PA. CONS. STAT. § 8521(b).

Finally, the plaintiff does not seek prospective relief to remedy an ongoing violation. The purpose behind this exception is to "prohibit a federal court from enjoining a state attorney general from enforcing an unconstitutional state law." MCI Telecomm Corp. v. Bell Atl. Pa., 271 F.3d 491, 506 (3d Cir. 2001) (citing Ex parte Young, 209 U.S. 123, 159–60 (1908). Here, the violation occurred on July 13, 2018, and the plaintiff does not allege that the defendants are continuing to infringe upon his civil rights. Furthermore, the relief sought must be "prospective, declaratory, or injunctive relief governing an officer's future conduct" in order to qualify for this exception. MCI Telecomm Corp., 271 F.3d at 506 (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 102–03 (1984)).

Here, the relief demanded is monetary compensation.  <u>See</u> (Doc. 1. Compl. ¶ A–E).

As such, we find that Defendant PSP as well as John Doe #1 and John Doe #2, to the extent that they are sued in their official capacities, are entitled to sovereign immunity protection under the Eleventh Amendment.

**Conclusion**

For the foregoing reasons, Defendant PSP's motion to dismiss (Doc. 6) will be granted.  An appropriate order follows.


**BY THE COURT:**

**Date: June 3, 2019**                              <u>s/ James M. Munley</u>
                                                    **JUDGE JAMES M. MUNLEY**
                                                    **United States District Judge**