# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN GONZALEZ, | : | No. 3:18cv2254 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|   v. | : | |
| | : | |
| JOHN DOE #1 and JOHN DOE #2, | : | |
| Individually and in their official | : | |
| capacities as state police officers | : | |
| for the Pennsylvania State Police; | : | |
| RICHARD ROE #1 and RICHARD ROE | : | |
| #2, Individually and in their official | : | |
| capacities as agents for the United | : | |
| States Department of Homeland | : | |
| Security, U.S. Immigration and | : | |
| Customs Enforcement; | : | |
| PENNSYLVANIA STATE POLICE | : | |
| and UNITED STATES DEPARTMENT | : | |
| OF HOMELAND SECURITY, UNITED | : | |
| STATES IMMIGRATION AND | : | |
| CUSTOMS ENFORCEMENT, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

    This matter is presently before the Court, *sua sponte*, upon its review of Plaintiff's response to the undersigned's August 28, 2019 Order, directing Plaintiff to show cause as to why this action should not be dismissed for failure to effect proper service upon the remaining Defendants in the above-captioned action. (Doc. 15, Doc. 16). For the reasons stated herein, Plaintiff shall be granted an enlargement of time pursuant to Rule 4(m) of the Federal Rules of Civil

Procedure to properly effect service upon the United States Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE").[1]

**Background**

Plaintiff initiated the above-captioned action through the filing of a counseled complaint on November 26, 2018. (Doc. 1). On January 14, 2019, the Court issued an Order directing Plaintiff to file a status report regarding service of the complaint, which had not yet been achieved. (Doc. 3). Plaintiff, through counsel, filed a responsive letter on January 24, 2019. (Doc. 4). Specifically, Plaintiff's counsel notified the Court that he mailed the complaint and summons to the Federal Defendants on December 24, 2018 by United States First Class mail. (Id.) Plaintiff did not, however, file an affidavit of service representing his compliance with Rule 4(i) of the Federal Rules of Civil Procedure relating to serving the United States and its agencies.

As the docket still did not reflect service upon the Federal Defendants, and over ninety (90) days had passed since the filing of the complaint, the Court issued an Order on May 13, 2019 directing Plaintiff to file a proof of service of the summons and complaint. (Doc. 9). Plaintiff submitted the requested proof of

---

[1] For the purposes of this Memorandum, DHS and ICE are collectively referred to as the "Federal Defendants."

service on May 20, 2019, which indicated that a process server had served Joyce Artis of the DHS Office of Chief Counsel the same day. (Doc. 2). The proof of service further provided that Ms. Artis was designated by law to accept service of process on behalf of DHS. (Id.) To date, no entry of appearance has been made on behalf of the Federal Defendants.

Upon noting that no activity had occurred in this case since serving the Federal Defendants on May 20, 2019, the Court issued another Order on August 9, 2019. (Doc. 13). Therein, the Court directed Plaintiff to make an appropriate filing to further this action, lest it be subject to dismissal for failure to prosecute. (Id.) In response, Plaintiff filed a Motion for Entry of Default Judgment against the Federal Defendants on August 18, 2019. (Doc. 14). The Court denied Plaintiff's motion on August 28, 2019, however, for failing to comply with the requirements of Rule 55 of the Federal Rules of Civil Procedure regarding default judgment. (Doc. 15). The Court additionally observed that Plaintiff had failed to timely serve the Federal Defendants in accordance with Federal Rule of Civil Procedure 4(m). (Id.)

On September 1, 2019, Plaintiff filed a response to the Court's August 28, 2019 Order. (Doc. 17). In his response, Plaintiff asserts that he properly moved for entry of default judgment against the Federal Defendants under Federal Rule of Civil Procedure 55(d). (Doc. 16, Pl.'s response at 2-5). Plaintiff also submits

3

that he followed the service procedures contemplated by Federal Rule of Civil Procedure 4(m), as he achieved service on the Federal Defendants as of May 20, 2019. (Id. at 8-9). These arguments, as set forth in Plaintiff's September 1, 2019 response, are the subject of the Court's present review.

**Discussion**

"Rule 4(i) [of the Federal Rules of Civil Procedure] governs service of process against the United States, its agencies, corporations, officers, or employees." Shore v. Henderson, 168 F. Supp. 2d 428, 430 (E.D. Pa. 2001). To serve the United States pursuant to Rule 4(i)(1), a party must:

> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> > **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

FED. R. CIV. P. 4(i)(1)(A)-(C).

Further, to serve a United States Agency pursuant to Rule 4(i)(2), a party must (1) serve the United States and (2) also send a copy of the summons and complaint by registered or certified mail to the agency. FED. R. CIV. P. 4(i)(2).

4

Accordingly, effecting proper service on a United States Agency, such as the DHS and ICE, requires service on the United States in accordance with Rule 4(i)(1). See FED. R. CIV. P. 4(i)(1); FED. R. CIV. P. 4(i)(2).

Here, upon review of the September 1, 2019 response and attached exhibits, it is evident that Plaintiff failed to properly serve the Federal Defendants. Specifically, although Plaintiff's proof of service indicates that the Federal Defendants were personally served on May 20, 2019, (Doc. 16-5, Pl.'s Ex. E), Plaintiff has not shown that he also (1) delivered a copy of the summons and complaint to the United States Attorney for the Middle District of Pennsylvania, or sent a copy of the same by registered or certified mail to the civil process clerk at the United States Attorney's office *and* (2) sent a copy of the summons and complaint to the Attorney General of the United States in Washington, D.C. See FED. R. CIV. P. 4(i)(1); FED. R. CIV. P. 4(i)(2). Simply stated, notwithstanding the issue of timeliness, Plaintiff's asserted service on the Federal Defendants does not comply with Rule 4(i)(1) and Rule 4(i)(2) of the Federal Rules of Civil Procedure. Accordingly, as service on the United States remains incomplete, the Federal Defendants are not yet required to file an answer to the complaint.[2]

---

[2] Although the Court previously disposed of Plaintiff's Motion for Entry of Default Judgment (Doc. 14) on August 28, 2019, (Doc. 15), Plaintiff filed a brief in support of said motion on September 3, 2019. (Doc. 17). To the extent that Plaintiff attempts to seek reconsideration of the denial of his Motion for Entry of Default Judgment, however, Plaintiff's failure to effect proper service on the

5

Despite Plaintiff's argument that the provisions of Rule 4(m) do not apply here, (Doc. 16 at 9), the Court nonetheless will now consider whether the time to effect service should be extended. Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant . . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4.

Upon evaluating whether the time for service should be extended under Rule 4(m), the Court must first consider whether good cause exists for failing to effect service. McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir.1998). Good cause "'means a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir.1995) (quoting Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1312 (3d Cir. 1995)). If good cause exists, then the District Court must grant an extension to effect service; if not, then the

---

Federal Defendants precludes the entry of a default judgment at this stage. The Court additionally notes that, under Rule 55(d) of the Federal Rules of Civil Procedure, "judgment cannot be entered against the government based solely on its failure to comply with civil rules." Arevalo v. United States, No. MISC. 05-110, 2008 WL 3874795, at *5 (E.D. Pa. Aug. 20, 2008) (collecting cases). Therefore, even if service had been proper, Plaintiff would still not be entitled to a default judgment against the Federal Defendants under FED. R. CIV. P. 55(d) based on its failure to file a timely answer.

District Court may either dismiss the complaint or, in its discretion, grant an extension. Mathies v. Silver, 450 F. App'x 219, 221 (3d Cir. 2011).

As an initial matter, the Court finds that good cause does not exist for failing to perfect service on the Federal Defendants in accordance with Rule 4(i). See, e.g., Nanyonga v. I.N.S., 200 F.R.D. 503, 506 (M.D. Pa. 2001) (for the purposes of Rule 4(m), a plaintiff's "disregard for . . . the 'technical niceties' of service of process does not constitute good cause"); Shore v. Henderson, 168 F. Supp. 2d 428, 431 (E.D. Pa. 2001) (finding good cause did not exist for failure to effect service based on plaintiff's misunderstanding of the requirements of Rule 4(i)). However, even if good cause is not shown, the Court may grant a discretionary extension. Mathies, 450 F. App'x at 221. Here, Plaintiff attempted to effect service on the Federal Defendants. Thus, despite Plaintiff's failure to comply with the Federal Rules of Civil Procedure, it appears that he made a good faith effort to serve the Federal Defendants previously. Accordingly, the Court will exercise its discretion and grant Plaintiff an extension of time to serve the Federal Defendants, pursuant to Rule 4(m), within twenty-one (21) days from the date of this Memorandum and corresponding Order.

**Conclusion**

For the foregoing reasons, despite failing to comply with Rule 4(i), the Court will grant Plaintiff a discretionary extension of time to complete service upon the Federal Defendants. An appropriate order follows.

**BY THE COURT:**

**Date: September 24, 2019**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Judge**