# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN GONZALEZ,** | : | **No. 3:18cv2254** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JOHN DOE #1 and JOHN DOE #2,** | : | |
| **Individually and in their official** | : | |
| **Capacities as state police officers** | : | |
| **for the Pennsylvania State Police;** | : | |
| **RICHARD ROE #1 and RICHARD** | : | |
| **ROE #2, Individually and in their** | : | |
| **official capacities as agents for the** | : | |
| **United States Department of** | : | |
| **Homeland Security, U.S. Immigration** | : | |
| **and Customs Enforcement;** | : | |
| **PENNSYLVANIA STATE POLICE;** | : | |
| **and UNITED STATES DEPARTMENT** | : | |
| **OF HOMELAND SECURITY,** | : | |
| **UNITED STATES IMMIGRATION AND** | : | |
| **CUSTOMS ENFORCEMENT,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the motion to dismiss Plaintiff Juan

Gonzalez's civil rights complaint, which was filed by Richard Roe #1, Richard

Roe #2, and the United States Department of Homeland Security, United States

Immigration and Customs Enforcement (hereinafter collectively "Federal

Defendants").  The parties have briefed their respective positions and the matter

is ripe for decision.

**Background**[1]

Plaintiff, who resides in New York, also owns property in West Hazleton, Pennsylvania. On July 13, 2018, plaintiff was on his residential property in West Hazleton. (Doc. 1, Compl. ¶ ¶ 10-11). At approximately 1:45 p.m., Pennsylvania Sate Police Officers, John Doe #1 and John Doe #2, and Immigration and Customs Enforcement (hereinafter "ICE") Agents, Richard Roe #1 and Richard Roe #2, confronted plaintiff at his property. (Id. ¶ 11). The government authorities informed plaintiff that he was under arrest and being detained for deportation as an illegal alien. (Id.)

Plaintiff informed the State Police Officers and ICE Agents that he was not an illegal alien, but rather a United States citizen. (Id. ¶ 12). Plaintiff indicated that the authorities must be mistaken as to his identity as he was not the person who they sought. (Id.) He told the authorities that he had a copy of his United States Passport on his cellular phone which would demonstrate his identity and citizenship. (Id. ¶ 12). Defendants never requested plaintiff's identification and affirmatively refused to allow him to prove his identity. (Id. ¶ 13). Instead, the defendants physically restrained and assaulted plaintiff. (Id. ¶ 14). One of the

---

[1] We must treat these factual allegations, and all reasonable inferences that can be drawn therefrom, as true for purposes of ruling upon a motion filed under Rule 12(b)(6) of the Federal Rule of Civil Procedure. Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989).

ICE Agents told plaintiff: "We are sending you back to your old country; you were deported and you came back." (Id. ¶ 15).

The State Police defendants then, without any provocation or cause, deliberately and in reckless disregard of plaintiff's physical safety and rights assaulted and battered plaintiff with great force. (Id. ¶ 16). They slammed plaintiff's right shoulder, arm, wrist, and hand into a vehicle with such force that plaintiff suffered severe personal injuries. (Id.) The injuries which plaintiff sustained include, right shoulder injury, rotator cuff injury, chest pain, chest tightness, palpitations, shortness of breath, as well as other bruises and contusions in and about his right arm and wrist. (Id. ¶ 30). With regard to his right arm and wrist, plaintiff suffered injury to the muscles, nerves, bones, and ligaments, some or all of which may be permanent. (Id.) During this encounter, plaintiff was unarmed, defenseless and made no furtive moves or gestures. (Id. ¶ 17).

Defendants handcuffed plaintiff and transported him in a police vehicle to be processed. (Id. ¶ 18). He was double-handcuffed to a bench for an extended period of time during this "processing". (Id.) Eventually, defendants confirmed to themselves that plaintiff was in fact a legal, United States citizen, not the individual for whom they had been looking. (Id. ¶ 20). Then, they called in a K-9 unit to search plaintiff's vehicle, in an evident attempt to find illegal narcotics, to

justify and cover-up their detainment, custody, detention, and physical abuse of plaintiff.  (Id. ¶ 20).  No narcotics were found and the defendants released plaintiff from custody.  (Id.)

Based upon these facts, plaintiff instituted this instant lawsuit with a complaint that raises four causes of actions.  The four counts that the complaint asserts are:  Count I - assault and battery; Count II – Section 1983 violation of plaintiff's right to procedural and substantive due process of law; Count III – Section 1983 violation of the security and privacy of plaintiff's home under the Fourth Amendment to the United States Constitution; and Count IV – inadequate supervision and training by the Pennsylvania State Police and ICE.

On December 10, 2019, the Federal Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The parties have briefed the motion, bringing the case to its present posture.[2]

**Jurisdiction**

As plaintiff brings suit to vindicate his federal constitutional rights, we have federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

---

[2] On June 3, 2019, the court granted a motion to dismiss filed by the Pennsylvania State Police, John Doe #1, and John Doe #2 in their official capacities.  (Doc. 12, Ord. of June 3, 2019).

treaties of the United States.").  We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal standard**

Defendants filed their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir.

5

1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level."  McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  Phillips, 515 F.3d at 232 (citation omitted).  "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the

elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

## Discussion

The Federal Defendants raise the following five issues in their motion to dismiss: 1) Personal jurisdiction over the individual defendants; 2) Personal involvement of the Federal Defendants in the allegations of Count I; 3) Availability of a "Bivens" action in Counts II and III; 4) Whether Counts II and III state a cognizable constitutional claim; and 5) Whether Count IV states a claim upon which relief can be granted. We will address each issue in turn.

## I. Individual Defendants

The Federal Defendants first move for dismissal of the individual defendants, Richard Roe #1 and Richard Roe #2, the federal agents involved in the arrest, for lack of personal jurisdiction and because section 1983 does not apply to them. We will discuss these issues separately.

## A. Personal jurisdiction

The Federal Defendants first argue that the Richard Roe defendants have not been properly served; therefore, this court lacks jurisdiction over them.[3] Additionally, they argue that absent a statute, the law does not recognize the practice of obtaining jurisdiction over a defendant without stating his full and correct name.

Plaintiff argues that the Federal Defendants have glossed over the procedural posture of this case. He does not know the identities of the Richard Roe defendants. No discovery has yet occurred which would facilitate him learning the identity of these defendants. Moreover, plaintiff indicates that the Federal Defendants have not "cooperated in anyway and have refused to supply the names of the individuals involved in this serious, violent encounter from which the Plaintiff suffered serious, physical injuries." (Doc. 26, Pl.'s Oppo. Br. at 17).

In support of their position that Richard Roe defendants should be dismissed where plaintiff made no effort to identify or serve unknown defendants, the Federal Defendants cite to an order filed in <u>Horan v. United States</u>, Civil No. 4:08cv529; 2009 WL 700630 (M.D. Pa. Mar. 12, 2009). We are unconvinced by

---

[3] The defendants pursue this portion of their motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure which provides for dismissal based upon a lack of personal jurisdiction.

reliance on this order as it is distinguishable.  First, it is an order adopting a magistrate judge's report and recommendation in a *pro se* prisoner complaint. Id. at *1-2.  In disposing of several motions to dismiss/motions for summary judgment, the report and recommendation addressed a motion to dismiss the John Doe defendants.   Id. at * 19.   The plaintiff had not identified or attempted to serve the John Doe defendants, but also there had been no specific constitutional claims set forth against them.  Id.  Thus, dismissal was appropriate. Id.  Here, the case is still in its initial phases, no discovery has been done, claims have been specifically asserted against the Federal Defendants and they have not been helpful in informing the plaintiff as to the identities of the Richard Roe defendants.

We find no merit to the Federal Defendants' position. No need exists for the dismissal of this action for failure to serve at this early stage of the proceedings. To facilitate the lack of service of which the Federal Defendants complain, we will order them to immediately reveal to the plaintiff the identity of the Richard Roe defendants.  Accordingly, the motion to dismiss for lack of service of the Richard Roe defendants will be denied.

### B.  Individual defendants and section 1983 action

Next, the individual Federal Defendants attack plaintiff's section 1983 claims.  Plaintiff's complaint seeks a remedy under, *inter alia*,  42 U.S.C. § 1983

and the Fourteenth Amendment for constitutional violations.  Section 1983 does

not, by its own terms, create substantive rights.  Rather, it only provides

remedies for deprivations of rights established elsewhere in the Constitution or

federal laws.  United States v. Kneipp, 95 F.3d 1199, 1204 (3d Cir. 1996).  To

establish a claim under section 1983, two criteria must be met.  First, the conduct

complained of must have been committed by a person acting under of color of

state law.  Second, the conduct must deprive the complainant of rights secured

under the Constitution or federal law.  Sameric Corp. of Delaware, Inc. v. City of

Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

The Federal Defendants argue that the Richard Roe defendants are not

"state actors" under section 1983, but rather are federal agents.  Therefore, the

section 1983 and Fourteenth Amendment claims asserted against them should

be dismissed.  In response, plaintiff's opposition brief states as follows:

"Although the Complaint cites violations of section 1983 and the Fourteenth

Amendment, it does so as to only the previously dismissed Pennsylvania state

officials, not the Federal agents mentioned in the Complaint.  The Plaintiff

concedes that the Federal Defendants are not subject to the portion of the action

relating to Section 1983 and the Fourteenth Amendment.  (Doc. 26, Pl.'s Oppo.

Br. at 12-13).  Accordingly, this portion of the Federal Defendants' motion to

dismiss will be granted as unopposed.  The portions of the complaint dealing with

10

a violation of section 1983 and the Fourteenth Amendment will be dismissed as to the Federal Defendants.

## II.  Count I

As explained above, Count I of plaintiff's complaint asserts a cause of action for the torts of assault and battery.  The Federal Defendants move to dismiss this count.  Their position is that a claim for a tort violation such as assault and battery brought against the federal government must be brought pursuant to the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 1346(b).  Under the FTCA, individual federal actors cannot be sued, only the federal government itself.  Thus, the individual federal defendants must be dismissed.  Further, the government itself may not be held liable here, according to the Federal Defendants, because the complaint makes no allegations the individual defendants engaged in tortious behavior for which the government may be held vicariously liable.  We agree.

The law provides that:  "Absent waiver, sovereign immunity shields the Federal Government and its agencies from suit."  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).  The FTCA allows suit against the United States for torts "in the same manner and to the same extent as a private individual under like circumstances[.]"  28 U.S.C. § 2674. In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort,

with certain specific exceptions, to render the Defendants liable in tort as a private individual would be under like circumstances.'" Sosa v. Alvarez–Machain, 542 U.S. 692, 700 (2004) (citing Richards v. United States, 369 U.S. 1, 6 (1962)); see also CNA[ v. United States], 535 F.3d [132] at 138 (reasoning that 28 U.S.C. § 1346(b)(1), the FTCA provision conferring jurisdiction on district courts, treats actions against government employees like the "analogous behavior" of "private persons" under state law).

Thus, by virtue of the FTCA, Congress has consented to liability for money damages lawsuits against the United States for injury or loss of property "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The Federal Defendants argue that dismissal of Count I is appropriate because the United States is the only potential proper defendant and the United States is only a proper defendant if plaintiff alleges the Federal Defendants were personally involved in committing a negligent or wrongful act or omission.

Here, the plaintiff's complaint alleges that the State Police, not the Federal Defendants committed the assault and battery. Specifically, the complaint alleges: "[W]ithout uttering a single word and without any provocation or cause the **Defendant Pennsylvania State Policemen**, deliberately and in reckless

disregard of Plaintiff's physical safety and rights, violently and brutally assaulted and battered the Plaintiff with great force, slamming the Plaintiff Gonzelez's right shoulder, arm, wrist and hand into an [sic] vehicle, with such force as to cause the Plaintiff to sustain the severe personal injuries hereinafter set forth."  (Doc. 1, Compl. ¶ 16) (emphasis added).  As the complaint fails to allege that the Federal Defendants committed assault and battery upon the plaintiff, the federal government cannot be held liable.

Plaintiff's brief does not explicitly oppose the Federal Defendants' position. He asks, however, that he be provided an opportunity to amend his complaint as opposed to dismissal.  We find that allowing time to amend is appropriate.  See Alston v. Parker, 363 F.3d 229, 235 (3d Cir.2004) (holding that if a complaint is subject to Rule 12(b)(6) dismissal, we must permit a curative amendment unless such an amendment would be inequitable or futile).  If plaintiff undercovers facts that reveal the that the Federal Defendants were personally involved in the alleged assault and battery, he may move to amend his complaint.

### III.   Counts II and III - Bivens

Counts II and III of plaintiff's complaint allege, respectively, a violation of procedural and substantive due process and a violation of the Fourth Amendment security and privacy rights.  The Federal Defendants move to

dismiss these counts on the basis that no civil rights remedy is available to plaintiff against them on these matters.  We disagree.

Civil rights claims aimed at federal actors must be pursued under the case of Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (providing for a cause of action against federal agents for certain civil rights violations).   A Bivens action must be directed at individual defendants. It cannot be aimed at the federal government on a vicariously liability theory. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

The Federal Defendants claim that Bivens actions are only appropriate in three instances, 1) under the Fourth Amendment for unreasonable search and seizure; 2) under the Fifth Amendment for gender discrimination; and 3) under the Eighth Amendment for cruel and unusual punishment.   According to the Federal Defendants, Counts II and III of the complaint do not raise these types of causes of action; therefore, a Bivens action is precluded.  We find that the Federal Defendants have construed Bivens and plaintiff's complaint too narrowly.

Federal Defendants argue that not all factual scenarios of a civil rights violation are actionable under Bivens and that courts should be use great care

and restraint before deciding that <u>Bivens</u> applies in a particular case.  In support

of their position, the Federal Defendants cite to <u>Ziglar v. Abbasi</u>,  - - U.S. - - , 137

S.Ct. 1843 (2017).  In that case, the court explained that <u>Bivens</u> actions are not

appropriate to address every claim of a civil right violation perpetrated by a

federal actor.  The Court addressed a <u>Bivens</u> claims "challenging conditions of

confinement imposed on respondents pursuant to formal policy adopted by the

Executive Officials in the wake of the September 11 attacks."  <u>Id.</u> at 1858.  The

Court determined that such a case is not properly brought under <u>Bivens</u>.  It

explained as follows:

> The proper test for determining whether a case presents
> a new <u>Bivens</u> context is as follows.  If the case is different
> in a meaningful way from previous <u>Bivens</u> cases decided
> by this Court, then the contest is new.  Without
> endeavoring to create an exhaustive list of differences
> that are meaningful enough to make a given context a
> new one, some examples might prove instructive.  A case
> might differ in a meaningful way because of the rank of
> the officers involved; the constitutional right at issue; the
> generality or specificity of the official action; the extent of
> judicial guidance as to how an officer should respond to
> the problem or emergency to be confronted; the statutory
> or other legal mandate under which the officer was
> operating; the risk of disruptive intrusion by the Judiciary
> into the functioning of other branches; or the presence of
> potential special factors that previous <u>Bivens</u> cases did
> not consider.

<u>Id.</u> at 1859-60.

The Court found that the issue in that case involved a challenge to a

detention policy related to "confinement conditions imposed on illegal aliens

pursuant to a high-level executive policy created in the wake of a major terrorist attack on American soil." Id. at 1860. Those claims bore "little resemblance" to Bivens claims that the Court had recognized in the past. A "special factors" analysis was necessary to determine whether the suit should be allowed to proceed. Id. The Court examined the special factors present in that case and determined that a Bivens action was not appropriate. Id. at 1863.

In the instant case, the Federal Defendants argue that likewise, the facts alleged by the plaintiff are not similar to the causes of action allowed under Bivens and its progeny. We disagree.

Count II generally asserts an excessive force claim and a false arrest claim. Specifically, the complaint asserts that "[t]he force utilized by the Defendants was excessive and, thus, constituted an unreasonable seizure of the Plaintiff[.] (Doc. 1, Compl. ¶ 35). Further the complaint alleges, "The Defendants' actions in detaining and holding the Plaintiff in custody constituted unlawful deprivations of Juan Gonzalez's liberty without due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution." (Id. ¶ 35). The plaintiff includes reference to many different constitutional rights in this count including the Fourth, Fifth, Sixth and Fourteenth Amendments. In fact, it appears that instead of explicitly stating claims for excessive force and false arrest plaintiff

tries to couch his claims in terms of procedural and substantive due process.

This is inappropriate attempt to sue under due process.

The law provides that "when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate." Berg v. Cnty. of Bergen, 219 F.3d 261, 268 (3d Cir. 2000)) "The use of excessive force is itself an unlawful 'seizure' under the Fourth Amendment." Coudon v. Duffy, 446 F.3d 483, 498 (3d Cir. 2006) (citing Graham v. Connor, 490 U.S. 386, 395 (1989). "*All* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach[.]" (emphasis in original) Graham v. Connor, 490 U.S. at 395. Likewise, a false arrest claim is based upon a violation of the Fourth Amendment's prohibition of unlawful seizures. See Wheeler v. Wheeler, 639 F. App'x 147 (3d Cir. 2016) (treating a false arrest claim as a Fourth Amendment violation and indicating such a claim is not properly brought under the Fourteenth Amendment for substantive due process).[4]  Plaintiff also alleges a violation of the

_____

[4] Count II also alleges "a type of malicious prosecution".  (Doc. 1, Compl. ¶ 37). The law provides that "[t]o prove malicious prosecution . . . a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing

right to privacy due to the defendants entry upon his land to arrest him. This too, however, is a Fourth Amendment unreasonable search and seizure issue. Thus, we find that plaintiff's complaint asserts claims under the Fourth Amendment for unlawful search and seizure despite allegations that other constitutional amendments have been violated.[5]

A Bivens action has been recognized in a Fourth Amendment excessive force claim, such as plaintiff raises. See Saucier v. Katz, 533 U.S. 194 (2001). In Saucier, the United States Supreme Court addressed a Bivens action based upon an excessive force claim. The Court seems to imply, without specifically addressing, that such an action is proper but then proceeds to a qualified immunity analysis. Id. Bivens itself implied a private right of action for unreasonable search and seizure under the Fourth Amendment against FBI agents under the Fourth Amendment. Accordingly, we will deny the motion to

_____

the plaintiff to justice; and (5) the plaintiff suffered deprivation of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007). Here, plaintiff has not alleged a valid malicious prosecution claim. He has not alleged that defendant initiated criminal proceedings against him. This claim will thus be dismissed as "a type of malicious prosecution" cause of action. Plaintiff's claim, if any, is for false arrest.

[5] To the extent that the complaint asserts any constitutional claims aside from the Fourth Amendment claims, the motion to dismiss will be granted. Here we refer to the due process, right to privacy and other miscellaneous constitutional claims raised by the plaintiff.

dismiss the excessive force claim based upon the argument that plaintiff cannot bring such a claim Fourth Amendment civil rights action under Bivens.

The second cause of action that the plaintiff pursues, false arrest/ false imprisonment, is based upon the Fourth Amendment also. We find no reason to conclude that a Bivens claim based upon false imprisonment is barred. As noted above, Bivens itself involved protection of Fourth Amendment rights. See Hernandez v. Mesa, - - U.S. - -; 140 S.Ct. 735 (2020) (explaining that in Bivens the Supreme Court "broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages[.]"). The Ziglar Court, which the Federal Defendants rely on, noted that Bivens stands for the proposition that "even absent statutory authorization, [the Court] would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures." Id. (citing Bivens, 403 U.S. at 397). Those are precisely the claims that plaintiff claims in the instant case, unreasonable search and seizures amounted to excessive force and false arrest. Thus, to apply Bivens to the Fourth Amendment claims here is not an expansion at all.

The Federal Defendants attempt to distinguish plaintiff's claims by narrowly construing the complaint. They define the issue as "[M]ay a U.S. citizen who is briefly detained by local authorities, without notice, at the request of an

19

immigration officer bring <u>Bivens</u> claims against the immigration officer?" (Doc. 25, Defs.' Supp. Br. at 12). We do not agree with this construction of the complaint. The complaint alleges that the defendants falsely arrested plaintiff, did not provide him an opportunity to identify himself and then locked him to a bench.

Accordingly, we will deny the Federal Defendants' motion to dismiss to the extent that they claim plaintiff's causes of action cannot be brought because they are an improper expansion of liability under <u>Bivens</u>.

## IV. Counts II and III – substantive claims

The Federal Defendants next claim that even if the claims which plaintiff advances may be brought under <u>Bivens</u> they are nonetheless subject to dismissal because he has not sufficiently pled them. We disagree. We will address each cause of action separately.

We have determined that plaintiff's complaint asserts a claim for excessive use of force and false arrest. As pled, the excessive force claim does not involve the Federal Defendants. The false arrest claim, however, does involve the Federal  Defendants. They claim in their brief that plaintiff's "allegations amount to legal conclusions that the unnamed immigration official improperly accused him of being in the country illegally on July 13, 2018." (Doc. 25, Def.'s Supp. Br. at 17). Because plaintiff has plead "legal conclusions", and baseless ones at

that, then the claims should be dismissed according to the defendant.  We find, however, that these are not "legal conclusions" but rather factual allegations. Plaintiff alleges that the defendants arrested and held him for a period time on the basis that he was a deportable alien, whereas in fact he is a citizen of the United States.   Many factual issues exist which render dismissal of this claim inappropriate and the motion to dismiss will be denied.

## V. Count IV – Inadequate Supervision and Training by ICE

The fourth count of plaintiff's complaint alleges inadequate supervision and training by the Federal Defendants.  This count alleges that the Federal Defendants have the policy, practice and custom of using the state police to accompany them while serving civil administrative immigration matters.  (Doc. 1, Compl. ¶ 54).   The Federal Defendants inadequately supervised and disciplined law enforcement officers, which led to the excessive use of force in the instant case.  (Id. ¶ 56).  The Federal Defendants also have a policy, practice and custom of conducting minimal investigations designed to exonerate an officer or agent as opposed to discovering the true facts of the incident.  (Id. ¶ 57).  In addition to the inadequate supervision, the Federal Defendants also inadequately trained the law enforcement officers according to the plaintiff.  (Id. ¶ 59).  All of this led to plaintiff's damage.

The Federal Defendants move for dismissal of this count because the complaint's "factual averments demonstrate that ICE officers had probable cause to believe that Gonzalez was in the country illegally and detained him until it was confirmed he was a United States Citizen." (Doc. 25, Defs.' Br. at 19). We disagree with the Federal Defendants' conclusion. The paragraph of the complaint to which they cite reads as follows: "The actions of the Defendants were based upon the erroneous contention of ICE that Plaintiff was an illegal alien with the same or similar name, residing in Pennsylvania." (Doc. 1, Compl. ¶ 19 *cited by* Doc. 25, Defs.' Br. at 19). This paragraph says nothing about whether the agents had probable cause as the Federal Defendants assert.

Whether the defendants had probable cause, what kind of training and supervision was provided to the arresting defendants and exactly what happened on the day in question are factual questions, which we cannot decide at this point. Perhaps these issues would better be raised at the summary judgment stage once discovery has taken place. Defendant's motion to dismiss Count IV, Inadequate Supervision and Training, will be denied.

**Conclusion**

For the reasons set forth above, the Federal Defendants' motion to dismiss will be granted in part and denied in part. The motion will be granted with regard to the section 1983 claims, and the assault and battery claims. It will also be

granted with regard to the miscellaneous constitutional claims which are not based upon the Fourth Amendment.  It will be denied in all other respects.  An appropriate order follows.

**Date: March 16, 2020**                                    **BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**