IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUAN GONZALEZ,                          :        No. 3:18cv2254
        **Plaintiff**                        :
                                        :        **(Judge Munley)**
                                        :
    v.                              :        **(Chief Magistrate Judge Bloom)**
                                        :
JOHN P. CHULOCK and                     :
DAVID HUDZINSKI,                        :
        **Defendants**                      :

## ORDER

Juan Gonzalez alleges that two members of the Pennsylvania State Police ("PSP") violated his constitutional rights during a multijurisdictional investigation into whether the plaintiff was trafficking drugs as a removable non-citizen.

In July 2018, Gonzalez arrived at his property in West Hazleton, Pennsylvania and encountered state troopers and agents from Immigration and Customs Enforcement ("ICE") clad in ski-masks. State troopers performed a canine sniff of the exterior of Gonzalez's vehicle. The canine did not provide a positive indication.

ICE agents believed that plaintiff was deportable. Gonzalez attempted to prove his citizenship to the ICE agents on scene. Nonetheless, the agents and state troopers arrested the plaintiff on an immigration detainer they believed

applied to him.  During the arrest, Gonzalez alleges that he was slammed against a vehicle and injured.

Once in custody, ICE deportation officers processed the plaintiff at the Hazleton State Police barracks and determined that he was a United States citizen.  That is, ICE initially thought that Gonzalez was his brother, Pedro, a removable non-citizen.  Pedro Gonzalez purportedly used the plaintiff's name as an alias.  In total, Gonzalez spent 30 minutes being processed before his release.

Following dismissal of several defendants, this action proceeds against the members of PSP, Defendants John P. Chulock and David Hudzinski.  Count One of Gonzalez's amended complaint alleges that the defendants committed the state law tort of assault and battery.  Count Two and Count Three assert that the state troopers violated the plaintiff's constitutional rights.  Counts Two and Three are pursued through 42 U.S.C. § 1983 ("Section 1983").

After years of litigation, stayed for a period due to plaintiff's separate state criminal matter, Defendants Chulock and Hudzinski filed a motion for summary judgment. (Doc. 131).  Among other arguments, defendants assert that they are immune from the state tort claim due to sovereign immunity. (Doc. 133, Def. Br. in Supp. at 19).  Defendants further argue that they enjoy qualified immunity from the Section 1983 claims in Counts Two and Three. Id. at 15–19.

2

Before the court is a Report and Recommendation ("R&R") of Chief United States Magistrate Judge Daryl F. Bloom with respect to defendants' motion. (Doc. 139). The R&R recommends that the motion for summary judgment be granted in large part. As for Gonzalez's Fourth Amendment excessive force claim, which may be fairly construed from the allegations supporting Count Two, the R&R recommends that the motion for summary judgment be denied due to a genuine dispute of material fact. Id. at 17–20.

Chief Magistrate Judge Bloom issued the R&R on May 11, 2026. Neither the plaintiff nor the defendants filed objections and the time for such filing has passed.

In deciding whether to adopt an R&R when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). Upon review of Gonzalez's amended complaint, the parties' briefs in support of their respective positions, defendant's statement of facts, plaintiff's response to the statement of facts, the summary judgment record, and Chief Magistrate Judge Bloom's analysis, the R&R will be adopted in its entirety.

Accordingly, it is hereby **ORDERED** that:

1) Defendants' motion for summary judgment, (Doc. 131), is **GRANTED** in part and **DENIED** in part;

2) The motion is **DENIED** with respect to Gonzalez's excessive force claim in Count Two;

3) The motion is otherwise **GRANTED**;

4) The Clerk of Court is directed to enter judgment in favor of Defendants John P. Chulock and David Hudzinski and against Plaintiff Juan Gonzalez on Counts One and Three of the amended complaint;

5) The Clerk of Court is also directed to enter judgment in favor of the defendants and against plaintiff on the claims comprising Count Two except for plaintiff's excessive force claim; and

6) By way of separate order, this matter will be referred to mediation in the court-annexed program prior to the scheduling of a pre-trial conference.

Date: 6/3/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

4